

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable George H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Dear Sir:

Opinion No. O-3850
Re: Is the Comptroller of Public
Accounts required, under Sec-
tion 13(d) of Article 7065b,
Vernon's Texas Civil Statutes,
to declare cancelled and for-
feited, a motor fuel tax re-
fund license, upon the con-
viction of the holder thereof
of a felony under Section 27 (k)
and Section 27 (L) of the above
Act, but upon which conviction
judgment has been suspended
under the Suspended Sentence
Law, and related questions?

Your letter of November 15, 1941, submits for
our opinion the following three questions which we quote
therefrom:

"For the guidance of the Refund Division of
this Department I am requesting that you furnish
an opinion giving your interpretation of Section
13(d) of Article XVII of House Bill 8, Acts of
the Regular Session of the Forty-seventh Legisla-
ture, which in part reads as follows:

"'In addition to other penalties prescribed
in this Article, it is herein provided that a
felony conviction for a violation of any pro-
vision of this Section of said Article shall
automatically forfeit the right of said convict-
ed person to sell motor fuel for refund purposes,
and shall forfeit the right of said convicted
person to file a claim and obtain a refund for
a period of one (1) year from the date of said
conviction.'

"(a) The information desired is whether or not it is mandatory that this department cancel license to sell Refund Motor Fuel which has been issued to a person who has been given a suspended sentence under the penalty provision set out in Section 27(k) and Section 27(L) of the Act referred to above.

"(b) Would this department be authorized to issue license to a person who has been convicted of a felony under the above Act during the time the sentence is suspended? At the expiration of the suspended sentence, then would this department be authorized to issue license to such felon?

"(c) Would a person who has been given a suspended sentence forfeit the right to file a refund claim for a period of one (1) year from the date of such conviction?"

Although the above statute has not been before the courts of this State or before this department for consideration, we believe a review of the decisions of the courts of this and other states and of opinions of this department upon similar statutes, although not controlling, will be helpful in arriving at the intention of the Legislature in the enactment of the instant statute.

Your question resolves itself to a construction of the words "felony conviction" as used in the quoted portion of Section 13(d) of Article 7065b, Vernon's Texas Civil Statutes; that is to say, do such terms mean a mere finding of the fact of guilt, either by verdict of jury or by a plea of guilty, but upon which final judgment or sentence has been suspended, under the controlling Suspended Sentence Law or do they mean such finding or adjudication of guilt, followed up by the appropriate sentence of the law. The word "conviction" has been used in various legislative enactments, to mean both of these phases, the first being the popular meaning ascribed thereto and the latter being the technical sense in which the word is employed.

This is illustrated by the following quotation from 15 C. J. S., p. 97:

"The term conviction is intimately bound up with the criminal law, and it has been said that in criminal procedure the word is of equivocal meaning, having both a popular, and a technical legal signification, the construction not always being uniform, but depending upon an interpretation of the particular law or statute under consideration; . . . . It may, however, for the purpose of classification be said to have three meanings: (1) General; (2) ordinary; and (3) technical.

"In its general or comprehensive, also referred to as its popular, sense, the term has been defined as the overthrow of a defendant by the establishment of his guilt, according to some of the known legal modes; a verdict, or finding, of guilty; . . . .

"As ordinarily employed in legal phraseology, or in its ordinary legal sense, the term 'conviction' is used to designate that particular stage of a criminal prosecution, when a plea of guilty is entered in open court, or a verdict is returned by a jury, . . .

"In a strict legal sense, or when used in its more restricted and technical signification, the word has been defined as denoting the final judgment of the court and as importing the final consummation of the prosecution, from the complaint to the judgment of the court of sentence; sometimes including, and sometimes not including, the sentence; and in this sense it is said to concern the state of infamy resulting from the final judgment of condemnation for crime. . . ."

Where a suspended sentence has been granted "neither the verdict of conviction nor the judgment entered thereon shall become final. . . ." Article 778, Code of Criminal Procedure, 1925. "Under the terms of our statute relative to the suspended sentence, it has been held that in a case where one receives such sentence the judgment is not final and cannot be appealed from." Jones v. State, 281 S. W. 1072. If by the words "felony conviction" as used in the quoted article

the Legislature intended to mean only a _final_ conviction, judgment or sentence, clearly a dealer in refund motor fuel would not, in instances where sentence had been suspended, suffer the automatic forfeiture of his license to sell refund motor fuel.

Under statutes where conviction is made the ground of some disability or special penalty, it has been generally held that the term "conviction" means a final adjudication by judgment of the court rather than a mere verdict of guilty. 16 C. J. 1266-67; People v. Fabian, 85 N. Y. 672, 18 L. R. A. (N.S.) 684.

This adoption of the strict technical meaning of the term "conviction" rather than the popular meaning, when such conviction is followed, under pertinent statutes, by certain civil penalties and consequences, is illustrated by the statement of the court in the case, supra, that:

> ". . . where disabilities, disqualifications, and forfeitures are to follow upon a conviction, in the eye of the law it is that conviction which is evidenced by sentence and judgment; and that, where sentence is suspended, and so the direct consequences of fine and imprisonment are suspended or postponed temporarily or indefinitely, so, also, the indirect consequences are likewise postponed."

This rule appears to have been approved by the few Texas decisions available upon this question. The Supreme Court of Texas in the early case of Gallagher v. State, 10 Tex. Ct. App. 469, upon construing constitutional and statutory provisions disqualifying persons from voting in Texas who have been "convicted of any felony," held that the word "convicted" has a definite signification in law and means that a judgment of final condemnation has been pronounced against the accused.

In Aldridge et al v. Hamlin, et al, 184 S. W. 602, the Court of Civil Appeals, in construing this same suffrage statute, held that where a voter had been convicted of felony and his sentence suspended under the existing Suspended Sentence Law, which was held unconstitutional,

the suspension was void and the voter was not qualified, not having been pardoned. While not directly so held, we think it is a fair inference from this ruling that had the suspension of sentence been effected under a valid suspended sentence law, the voter would not have been disqualified as having been "convicted of any felony" within the meaning of the Constitution and statutes.

The courts have given a like construction to the word "convicted" as used in the statute (since amended) disqualifying as a witness any person who had been convicted of a felony. Rice v. State, 100 S.W. 771; Espinosa v. State, 165 S.W. 208; Simonds v. State, 175 S.W. 1064.

In apparent conflict with the above authorities are certain decisions of the Texas Court of Criminal Appeals, holding that under the Suspended Sentence Law providing for suspended sentence in case the accused has never before been convicted of a felony, where the accused had been convicted of a felony and was on liberty under a suspended sentence, submission of a question of suspended sentence to the jury was improper, since a judgment of guilty in a felony case accompanied by a suspension of sentence is a conviction of felony. Calloway v. State, 240 S. W. 554; Hill v. State, 243 S. W. 982. But we think these decisions can be distinguished from those discussed above, under the particular language of the suspended sentence statute, as discussed in the opinion of Judge Lattimore in Hill v. State, supra. Moreover, unlike the other statutes adverted to above, this construction was reasonable and necessary to render the Suspended Sentence Law workable and effective; because if a final judgment of the court was necessary to constitute a "conviction" within the meaning of the Suspended Sentence Law, then successive applications for suspended sentence would be possible although the defendant had been many times convicted of guilt but given the benefit of a suspension of sentence in prior cases.

If this distinction is not tenable, we nevertheless hold, as the prevailing and better rule of interpretation, in this and other states, that a final judgment on a verdict of guilty or a plea of guilty is necessary to constitute a "felony conviction" within the meaning of the statute in question. This position was taken, despite the conflict in the authorities noted therein, in our Opinion No. O-1824, involving the forfeiture of a physician's license upon the statutory grounds of a "conviction of a crime of

the grade of a felony," even though a suspended sentence was given.

We also refer you to our Opinion No. O-1894 construing the term "convicted of a felony" as used in the licensing provisions of the Texas Liquor Control Act, to mean a final judgment of conviction pronounced by the trial court, or, upon an appeal being taken, by the appellate criminal court of last resort. Although the factual situation upon which this opinion turned did not involve a suspended sentence as the instant question, but rather an appeal to the Court of Criminal Appeals from a conviction on verdict or plea of guilty, nevertheless we believe the principle of law announced therein that the proceedings did not reach a "conviction" stage until the date of issuance of mandate by the Court of Criminal Appeals, is largely controlling upon the question here.

Other persuasive authorities which might be cited in support of a negative answer to your first question are the cases of Page v. State Board of Medical Examiners of Florida, 193 So. 82; State Medical Board v. Rodgers, 79 S. W. (2d) 83; People v. Warden of Women's Prison, 24 N. Y. S. (2d) 931.

Answering your second question and basing our answer upon the principles hereinabove discussed, we advise that you would be authorized to issue a license for the purpose of selling refund motor fuel, to a dealer whose sentence of felony conviction has been suspended under the Suspended Sentence Law, during the time of such suspension, provided that, during such period the dealer is not convicted of any other felony. If, on the other hand, said dealer is convicted of another felony during the period of suspension of sentence for his first felony offense, final judgment is, under certain statutory proceedings, pronounced upon the original conviction, and thenceforth a _final_ judgment of conviction would exist which would automatically forfeit the license in question. This results from the provisions of Article 779, Code of Criminal Procedure, reading as follows:

"Upon the final conviction of the defendant of any other felony pending the suspension of sentence, the court granting such suspension shall cause a capias to issue for the arrest of

the defendant, if he is not then in the custody
of such court, and during a term of the court
shall pronounce sentence upon the original judg-
ment of conviction, and shall cumulate the pun-
ishment of the first with the punishment of any
subsequent conviction or convictions, and in
such cases no new trial shall be granted in the
first conviction."

Further answering your second question, we advise
that you would be authorized to issue the license in question
to such dealer under a suspended sentence, at any time after
the expiration of the time assessed as punishment by the
jury, upon certain statutory proceedings being followed,
provided, of course, the contingency mentioned above, i.e.,
a second conviction for a felony offense, does not ensue
during such period so as to cause the first conviction to
become final. After the expiration of the time during which
the sentence remains suspended, the defendant dealer, upon
proof that he has not been convicted of a second felony
offense, may move for dismissal of the original criminal pro-
ceeding. In this event you would, of course, be authorized
to issue a license to such dealer the same as if original
charges had never been brought against him. This procedure
is controlled by Article 780, Code of Criminal Procedure,
providing as follows:

"In any case of suspended sentence, at any
time after the expiration of the time assessed
as punishment by the jury, the defendant may make
his written sworn motion for a new trial and dis-
missal of such case, stating therein that since
such former trial and conviction he has not been
convicted of any felony, which motion shall be
heard by the court during the first term time
after same is filed. If it appears to the court,
upon such hearing, that the defendant has not
been convicted of any other felony, the court
shall enter an order reciting the fact, and shall
grant the defendant a new trial and shall then
dismiss said cause. After the setting aside and
dismissal of any judgment of conviction as herein
provided for, the fact of such conviction shall
not be shown or inquired into for any purpose ex-
cept in cases where the defendant has been again
indicted for a felony and invokes the benefit
of this law."

The answer to your third question is governed by the decisions and opinions hereinabove discussed, under which we held that a suspended sentence on a felony conviction on verdict or plea of guilty, is not a "felony conviction" within the meaning of Section 13(d) of Article 7065b, Vernon's Texas Civil Statutes. As in the case of the forfeiture of the refund dealer's license, the denial of the right of any person to file a claim and obtain a tax refund for a period of one year from the date of a felony conviction depends, under such statute, upon a final conviction and not a case where sentence of conviction is suspended. We accordingly answer your third question in the negative.

Trusting the foregoing fully answers your inquiry, we are

APPROVED FEB 11, 1942

(signed)  Grover Sellers

FIRST ASSISTANT
ATTORNEY GENERAL

PMN:LM

Yours very truly

ATTORNEY GENERAL OF TEXAS

By     (signed)
Pat M. Neff, Jr.
Assistant

APPROVED
OPINION
COMMITTEE
BY B.W.B.
CHAIRMAN

O.K.
R.H.C.